**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| In re Target Corp. Securities Class Action Litigation | Case No.: 2:25-cv-135-JLB-KCD |
| | (Consolidated with No. 2:23-cv-599-JLB-KCD & No. 2:25-cv-85-JLB-KCD) |
| | <u>CLASS ACTION</u> |

**NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF**
**STATE TEACHERS RETIREMENT SYSTEM OF OHIO'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
<u>**APPROVAL OF SELECTION OF LEAD COUNSEL**</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

NOTICE OF MOTION ...................................................................................... 1

LOCAL RULE 3.01(g) CERTIFICATION ......................................................... 1

MEMORANDUM OF LAW................................................................................ 2

I.     PRELIMINARY STATEMENT................................................................. 2

II.    BACKGROUND..................................................................................... 4

III.   ARGUMENT ......................................................................................... 6

      A.    OHIO STRS'S MOTION IS TIMELY.........................................................6

      B.    OHIO STRS IS THE PRESUMPTIVE LEAD PLAINTIFF AND
           SHOULD BE APPOINTED LEAD PLAINTIFF .........................................7

           1.    Ohio STRS Has the Largest Financial Interest of Any
                 Lead Plaintiff Movant...............................................................7

           2.    Ohio STRS Satisfies Rule 23's Typicality and Adequacy
                 Requirements ............................................................................9

                a.    Ohio STRS's Claims Are Typical.................................. 9

                b.    Ohio STRS Will Fairly and Adequately Protect
                     the Interests of the Class .................................................10

                c.    Ohio STRS Is the Type of Lead Plaintiff Envisioned
                     by the PSLRA .................................................................11

IV.   THE COURT SHOULD APPROVE OHIO STRS'S SELECTION OF
      LEAD COUNSEL ..................................................................................12

V.    CONCLUSION ......................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Bhatt v. Tech Data Corp.*,
 2017 WL 10295956 (M.D. Fla. Dec. 28, 2017) ......................................... 9, 11, 12

*Cambridge Ret. Sys. v. Mednax, Inc.*,
 2018 WL 8804814 (S.D. Fla. Dec. 6, 2018) ....................................................... 8

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
 2007 WL 170556 (M.D. Fla. Jan. 18, 2007) .............................................. 7, 8, 10

*Hattaway v. Apyx Medical Corp.*,
 2022 WL 22587415 (M.D. Fla. Oct. 4, 2022) ................................................. 9, 10

*In re January 2021 Short Squeeze Trading Litig.*,
 2021 WL 4840857 (S.D. Fla. Oct. 15, 2021) ..................................................... 8

*Palm Bay Police & Firefighters' Pension Fund v. Fidelity Nat'l Info. Services, Inc.*,
 2023 WL 3891520 (M.D. Fla. June 8, 2023) ................................................... 11

*In re Tupperware Brands Corp. Sec. Litig.*,
 2020 WL 3259749 (M.D. Fla. May 27, 2020) .................................................... 8

*Vega v. T-Mobile USA, Inc.*,
 564 F.3d 1256 (11th Cir. 2009) ........................................................................ 9

**Statutes and Rules**

15 U.S.C. § 78u-4(a)(3) ............................................................................... *passim*

Fed. R. Civ. P. 23 .......................................................................................... 10

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on a date and time designated by the Court, State Teachers Retirement System of Ohio ("Ohio STRS") will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for entry of an Order: (i) appointing Ohio STRS as lead plaintiff; and (ii) approving Ohio STRS's selection of Grant & Eisenhofer P.A. as lead counsel for the class.

This motion is made on the grounds that Ohio STRS is the "most adequate plaintiff" pursuant to the PSLRA. In support of this motion, Ohio STRS submits the accompanying memorandum of law, the declaration of Caitlin M. Moyna and attached exhibits, and such other written or oral argument as may be permitted by the Court.

## LOCAL RULE 3.01(G) CERTIFICATION

Local Rule 3.01(g) requires a conference of counsel prior to filing motions. However, this Motion seeks appointment as lead plaintiff pursuant to the PSLRA, a procedure that is governed by statute and must be resolved by the Court. Under these circumstances, Ohio STRS respectfully submits that Local Rule 3.01(g) is inapplicable or should be deemed satisfied.

**MEMORANDUM OF LAW**

Ohio STRS respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) appointing Ohio STRS as lead plaintiff in the class action pending against Target Corporation ("Target" or the "Company"), Brian C. Cornell, David P. Abney, Douglas M. Baker, Jr., George S. Barrett, Gail K. Boudreaux, Robert L. Edwards, Melanie L. Healey, Donald R. Knauss, Christine A. Leahy, Monica C. Lozano, Grace Puma, Derica W. Rice, and Dimitri L. Stockton (collectively, "Defendants"); (ii) approving its selection of Grant & Eisenhofer P.A. as lead counsel for the class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

On July 24, 2025, the Court consolidated this action with *Craig v. Target Corp. et al.*, Case No. 2:23-cv-599-JLB-KCD and *City of Riviera Beach Police Pension Fund v. Target Corp. et al.*, Case No. 2:25-cv-85-JLB-KCD (collectively, the "Consolidated Actions"). ECF No. 44. The complaints filed in the Consolidated Actions assert claims under Sections 10(b), 14(a), and 20(a) of the Exchange Act against Target and certain of the Company's senior executives. These claims are asserted on behalf of all persons and entities that purchased or otherwise acquired Target common stock between March 9, 2022 and November 19, 2024, inclusive ("Class Period").[1]

---

[1] The Consolidated Actions allege overlapping, but not identical class periods. For the purposes of this motion, the class periods in the Consolidated Actions have been combined.

The PSLRA governs the lead plaintiff selection process in class actions asserting claims under the federal securities laws. Under the PSLRA, the Court is required to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4 (a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who can make a prima facie showing of the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Ohio STRS has incurred losses totaling more than *$3.5 million* in connection with its acquisition of Target common stock during the Class Period. Ohio STRS has good reason to believe that it possesses the largest financial interest in the relief sought in the Consolidated Actions, and it is therefore the "most adequate plaintiff."

Ohio STRS satisfies Rule 23's requirements because its claims are typical of those of the class, and it will fairly and adequately represent the interests of the class. Ohio STRS is a sophisticated institutional investor with a substantial financial interest in the pending litigation and has significant experience supervising and monitoring outside counsel. Ohio STRS understands the PSLRA's requirements for lead plaintiff and is fully prepared to vigorously advocate to achieve the most desirable outcome for all class members.

Ohio STRS's selection of Grant & Eisenhofer as lead counsel further exemplifies its adequacy. As further outlined in Section IV, *infra*, Grant & Eisenhofer is a preeminent firm nationally recognized for recovering billions of dollars on behalf of defrauded investors in an array of complex securities class actions. This Court

should grant Ohio STRS's motion for appointment as lead plaintiff and approve its selection of Grant & Eisenhofer as lead counsel.

## II.    BACKGROUND

The claims asserted in the Consolidated Actions concern Target's Environmental, Social, and Governance ("ESG") and Diversity, Equity, and Inclusion ("DEI") policies, mandates, and promotions that led to widespread consumer boycotts following Target's 2023 LGBT-Pride campaign ("Campaign"). Complaint at ¶ 2.[2]   Target had misled investors about risks associated with the Campaign, and when the Campaign resulted in widespread boycotts, Target's stock price declined precipitously. *Id.* at ¶ 3.

The Consolidated Actions allege that Target has cultivated a classic, all-American image, and portrays itself as the favorite retailer of middle-class American families. *Id.* at ¶ 6.   But for years, Target's Board of Directors ("Board") and management wasted Target's financial and reputational capital pursuing the Board's and management's personal ESG/DEI interests, while falsely and misleadingly portraying the risks of this strategy to Target's shareholders in order to artificially inflate Target's stock price and secure bonuses and re-election for members of the Board. *Id.*   In May 2023, these risks materialized as Target faced immense customer backlash to the Target's LGBTQ+ "Pride Month" initiatives, which prompted a strong adverse reaction from a large portion of Target's customer base. *Id.* at ¶ 7.

---

[2] References to "Complaint at ¶ _" are to ECF No. 1.

Defendants knew of these risks. *Id*. at ¶ 20. In 2016, several customer boycotts ensued after Target published an antagonistic response to North Carolina's controversial transgender bathroom law. *Id*. at ¶¶ 144–147. The boycotts caused Target to forego millions of dollars in lost sales and revenue. *Id*. at ¶¶ 170–173, 177. Target continued engaging in its ESG/DEI initiatives and LGBTQ+ activism despite warnings from shareholders, consumers groups, and conservative commentators that it would cause the Company to lose customers. *Id*. at ¶ 191. In response to these warnings, Target assured investors that it was carefully monitoring for any social and political risks associated with its ESG/DEI initiatives. *Id*. at ¶ 305. However, in reality, Target was only monitoring risks it perceived from *failing to achieve its self-imposed ESG/DEI mandates*, rather than monitoring risks resulting from pursuing or achieving those mandates. *Id*. (emphasis in original).

Target failed to disclose that it was subject to consumer backlash resulting from its ESG/DEI mandates generally, and its LGBTQ+ initiatives specifically, rendering misleading statements in Target's SEC filings during the Class Period. *Id*. at ¶ 350. Because of this misleading information, Target shareholders purchased Target stock at inflated values and were damaged thereby. *Id*. at ¶ 436. Further, as a result of a misleading Proxy Statement, Target shareholders elected a slate of directors which caused additional harm to Target's shareholders. *Id.* at ¶ 454. As a result, Ohio STRS and the class have been damaged by Defendants' violation of the federal securities laws.

## III.   ARGUMENT

The PSLRA requires courts to consider motions filed on behalf of individuals or entities seeking to be appointed lead plaintiff of a class action in response to a published notice of class action by the later of (i) 60 days after the date of publication or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that: (1) has either filed the complaint or made a motion in response to a notice; (2) has the "largest financial interest in the relief sought by the class"; and (3) otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Ohio STRS satisfies all three of these criteria and thus is entitled to the presumption that it is the "most adequate plaintiff" of the class and, therefore, should be appointed lead plaintiff.

### A.   OHIO STRS'S MOTION IS TIMELY

On January 31, 2025, notice was published on *BusinessWire* alerting investors that a class action lawsuit had been filed against Target and certain executive officers and Board members for issuing false and misleading statements concerning certain conduct undertaken pursuant to Target's ESG and DEI mandates.  *See* Declaration of Caitlin M. Moyna ("Moyna Decl.") at Ex. C.  The notice advised investors that the lead plaintiff deadline was April 1, 2025.  *Id.*  Ohio STRS's lead plaintiff motion was timely filed in *City of Riviera Beach Police Pension Fund v. Target Corp. et al.*, Case No. 2:25-cv-85-JLB-KCD at ECF No. 41.  Ohio STRS is now re-filing its lead plaintiff

6

motion pursuant to the Court's July 25, 2025 order at ECF No. 44. Because Ohio STRS's motion for appointment as lead plaintiff was filed within 60 days of publication of the notice, it is timely. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (providing that any class member may move for appointment as lead plaintiff within 60 days of publication of notice of the filing of the action).

### B.    OHIO STRS IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

Ohio STRS should be appointed lead plaintiff because it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, there is a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007).

Ohio STRS is the "most adequate plaintiff" because, to its knowledge, it has the largest financial interest of any qualified movant, satisfies Rule 23's typicality and adequacy requirements, and is a sophisticated institutional investor with significant lead plaintiff experience, possessing the necessary competency, diligence, and resources to effectively oversee and litigate this action on behalf of the class.

#### 1.    Ohio STRS Has the Largest Financial Interest of Any Lead Plaintiff Movant

Ohio STRS has the "largest financial interest in the relief sought by the class" and should be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the

7

PSLRA, determining which movant possesses the "largest financial interest in the relief sought by the class" is the most significant factor in determining who is the "most adequate" lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Jabil Circuit*, 2007 WL 170556, at *3.

Courts in this circuit typically look to the following four factors in determining the "largest financial interest": (1) the number of shares purchased during the Class Period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the Class Period; and (4) the approximate losses suffered. *See In re Tupperware Brands Corp. Sec. Litig.*, 2020 WL 3259749, at *1 (M.D. Fla. May 27, 2020). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 4840857, at *2 (S.D. Fla. Oct. 15, 2021).

Courts in this circuit express a preference for measuring losses by using the last-in, first-out ("LIFO") method of matching shares and purchases of stock. *See Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814, at *5 (S.D. Fla. Dec. 6, 2018). Under the LIFO method, Ohio STRS has losses totaling more than $3.5 million on its acquisition of 361,897 shares of Target's common stock.[3] *See* Moyna Decl. at Ex. A (Ohio STRS Certification and Schedule A showing Class Period acquisitions). Ohio STRS knows of no other investor who has higher losses. *See* Moyna Decl. at Ex. B (chart showing the calculations of Ohio STRS's losses). Specifically, Ohio STRS

---

[3] In addition, Ohio STRS held 244,609 shares and 360,097 shares of Target common stock on the relevant proxy dates of April 11, 2022 and April 17, 2023, respectively. *See* Moyna Decl. at Ex. A.

purchased a significant number of shares of Target common stock which it held throughout the Class Period through all the alleged corrective disclosures, and expended more than $29.1 million in net funds on those purchases:

| Total Shares Purchased | Net Number of Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|
| 361,897 | 207,859 | $29,189,244 | $3,517,161 |

To Ohio STRS's knowledge, no other plaintiff has a larger financial interest in the relief sought by the class than that of Ohio STRS.

### 2. Ohio STRS Satisfies Rule 23's Typicality and Adequacy Requirements

The party moving for lead plaintiff need not only demonstrate that it has the largest financial interest in the litigation, but also that it satisfies the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Bhatt v. Tech Data Corp.*, 2017 WL 10295956, at *3 (M.D. Fla. Dec. 28, 2017). The moving plaintiff need only make a "preliminary showing" that the adequacy and typicality requirements under Rule 23 have been met. *See Hattaway v. Apyx Medical Corp.*, 2022 WL 22587415, at *2 (M.D. Fla. Oct. 4, 2022).

### a. Ohio STRS's Claims Are Typical

Rule 23(a)(3) requires the lead plaintiff movant to demonstrate that its defenses are typical of those of the class. "Typicality measures whether a sufficient nexus exists between the claims of the proposed lead plaintiff and those of the class at large." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009). "A sufficient nexus is

9

established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Hattaway,* 2022 WL 22587415, at *2 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)); *see also Jabil Circuit*, 2007 WL 170556, at *3 (typicality satisfied where the proposed lead plaintiff "purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct").

Here, Ohio STRS's claims arise from the same fraudulent conduct that injured the other class members.  Like all other class members, Ohio STRS: (1) purchased Target common stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by Defendants' conduct, causing the price of Target common stock to drop, as well as by a misleading Board election process.  Accordingly, Ohio STRS meets Rule 23's typicality requirement.

### b.    Ohio STRS Will Fairly and Adequately Protect the Interests of the Class

Ohio STRS also satisfies the adequacy requirement of Rule 23.  Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  In determining the "adequacy" component, courts look to: "(1) whether any substantial conflicts of interest exist between the

10

representatives and the class, and (2) whether the representatives will adequately prosecute the action." *Bhatt*, 2017 WL 10295956, at *3.

As evidenced by its certification, Ohio STRS does not have conflicts of interest with other class members. *See* Moyna Decl. at Ex. A. Indeed, its interests are aligned with those of the other class members and not antagonistic in any way. There are no facts which suggest that there is any potential or actual conflict of interest between Ohio STRS and absent class members. Further, because Ohio STRS suffered significant financial losses due to Defendants' misrepresentations and omissions, it has an interest in vigorously prosecuting the action on behalf of the class.

In determining whether a proposed lead plaintiff can adequately prosecute the action, courts also consider what counsel lead plaintiff has selected. *See Palm Bay Police & Firefighters' Pension Fund v. Fidelity Nat'l Info. Services, Inc.*, 2023 WL 3891520, at *1 (M.D. Fla. June 8, 2023). Here, Ohio STRS has chosen Grant & Eisenhofer as lead counsel. Grant & Eisenhofer is a highly qualified and experienced securities litigation firm that has consistently achieved nation-renowned success for defrauded investors. *See* Section IV, *infra*. For the foregoing reasons, Ohio STRS is an adequate class representative under Rule 23.

### c.    Ohio STRS Is the Type of Lead Plaintiff Envisioned by the PSLRA

Ohio STRS is a sophisticated pension fund based in Ohio that manages more than $95 billion in assets. Ohio STRS is precisely the caliber of lead plaintiff that Congress envisioned when it enacted the PSLRA. *See* H.R. Rep. No. 104-369 (1995),

11

*as reprinted in* 1995 U.S.C.C.A.N. 73, 733; S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors"). Ohio STRS made significant investments in Target common stock pursuant to Defendants' misleading statements during the Class Period and **suffered losses totaling more than $3.5 million**. Appointing Ohio STRS as lead plaintiff furthers the PSLRA's goal of involving institutional investors in securities class actions.

Ohio STRS has demonstrated a track record of success serving as lead plaintiff. Ohio STRS recovered $250 million for the class in *In re Allergan, Inc. Proxy Violation Sec. Litig.*, No. 8:14-cv-02004 (C.D. Cal.), a case in which it served as co-lead plaintiff.

## IV. THE COURT SHOULD APPROVE OHIO STRS'S SELECTION OF LEAD COUNSEL

This Court should approve Ohio STRS's selection of Grant & Eisenhofer as lead counsel for the class. The PSLRA accords the lead plaintiff the authority to select and retain counsel to represent the entire class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Unless adverse to the interests of the class, a court should not interfere with a lead plaintiff's selection of counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(a); *see also Bhatt*, 2017 WL 10295956, at *4 (approving lead plaintiff's selection of counsel, noting that "the district court should generally employ a deferential standard in reviewing lead plaintiff's choices.") (internal quotations and citations omitted).

Ohio STRS has selected Grant & Eisenhofer as counsel, a highly experienced plaintiffs' firm with broad experience in litigating securities class actions. Grant & Eisenhofer has adequate resources to prosecute this action and obtain the best outcome for the class. Moreover, Grant & Eisenhofer has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See also* Moyna Decl. at Ex. D (Grant & Eisenhofer firm resume). Because of Grant & Eisenhofer's preeminence and tenure in representing institutional investors in securities class actions, this Court should approve Ohio STRS's selection of Grant & Eisenhofer as lead counsel.

## V.  CONCLUSION

For the foregoing reasons, Ohio STRS respectfully requests that this Court grant its motion for appointment as lead plaintiff and appoint its choice of Grant & Eisenhofer as lead counsel for the class.

Respectfully submitted,

Date:  August 7, 2025

By: /s/ *Joshua E. Dubin*
**JOSH DUBIN, P.A.**
Joshua E. Dubin
201 South Biscayne Blvd., Ste. 1210
Miami, Florida 33131
Telephone: (212) 219-1469
josh @jdubinlaw.com

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer (*pro hac vice*)
Caitlin M. Moyna (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
jeisenhofer@gelaw.com
cmoyna@gelaw.com
vpontrello@gelaw.com

*Counsel for Ohio STRS and Proposed Lead
Counsel for the Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


By: /s/ *Joshua E. Dubin*
Joshua E. Dubin