**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| In re Target Corp. Securities Class Action Litigation | No. 2:25-cv-00135-JLB-KCD |

**REPLY OF STATE BOARD OF ADMINISTRATION OF FLORIDA IN
SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

The State Board of Administration of Florida ("SBA") offers this reply to support its motion for appointment as lead plaintiff, ECF No. 56, and in response to the State Teachers Retirement System of Ohio's ("OSTRS") opposition, ECF No. 60.

## I.     SBA's TRANSACTIONAL DATA ARE CORRECT

OSTRS suggests that SBA's reported transaction data are incorrect because they appear inconsistent with SBA's Form 13-F filings to the Securities and Exchange Commission ("SEC"). ECF No. 60 at 6–9. But OSTRS compares apples to oranges.

Form 13-F requires certain "[i]nstitutional investment managers" to report each quarter on the securities in any accounts over which they exercise "investment discretion." SEC, Form 13F, at 1, https://www.sec.gov/files/form13f.pdf; *see* 15 U.S.C. § 78m(f)(1). As SBA's Interim Chief Financial Officer attests, some SBA funds are managed by outside investment managers who exercise *sole* investment discretion, so SBA does not include those holdings in its own Form 13-F filings. *See* Dyal Decl., Ex. A, ¶ 4. Yet, SBA's loss calculations here appropriately consider shares managed in such accounts. Damage to those shares still harms SBA and its beneficiaries, and the use of outside investment managers does not make SBA atypical or inadequate under Rule 23. *See Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1259–60 (11th Cir. 2014) (rejecting argument that lead plaintiffs are "atypical because they ceded investment authority to outside managers"). And in any event, the quarterly Form 13-F filings capture only snapshots of SBA's interest. *See* Dyal Decl., Ex. A, ¶ 5. Since neither the start nor end date of either class period corresponds to the end of a quarter, Form 13-F shines minimal light on SBA's

1

transaction history regardless.[1]

After further review, SBA's Interim Chief Financial Officer still attests the data attached to the original motion "are complete and accurate." Dyal Decl., Ex. A, ¶ 6.

## II.    SBA DID NOT NEED TO PUBLISH A NEW NOTICE TO THE CLASS

OSTRS claims that SBA needed to publish a new notice to the class after filing its complaint because it used a different class period than *Riviera Beach*. ECF No. 60 at 9–10. The PSLRA, however, does not require new notices for later complaints that assert "substantially the same claim" as the initial complaint. 15 U.S.C. § 78u-4(a)(3)(A)(ii). And it is "widely recognized" that "'subsequent actions alleging different class periods'" for the same claims do "'not require publication of new notice.'" *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) (quoting *In re Sunbeam Sec. Litig.*, 1998 WL 1990884, at *2 n.2 (S.D. Fla. 1998)); *see Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 207 (S.D.N.Y. 2019); 7 Newberg & Rubenstein on Class Actions § 22:29 n.9 (6th ed., 2024 update) (collecting cases).

That approach makes particular sense here. SBA's complaint primarily *narrowed* the class period, moving the end date fifteen months earlier. Shareholders who had purchased after SBA's proposed end date already received notice from Grant & Eisenhofer ("G&E"). *See* ECF No. 56 at 4–5. While SBA also moved the start date five months earlier, such a modest change does not require a new notice. *Rauch*, 378

---

[1] Even if OSTRS's claim that SBA was a "net seller" were correct—and it's not—SBA could still have damages from the fraud. *See* Bhattacharya Decl., Ex. B, ¶¶ 6–9 (discussing implications of fact that share-price inflation varies over the class period). And net sellers with damages can serve as lead plaintiff. *See, e.g.*, *Frank v. Dana Corp.*, 237 F.R.D. 171, 172–73 (N.D. Ohio 2006).

F. Supp. 3d at 206–07 (new notice not required when class period expanded by 22 months); *Ito-Stone v. DBV Techs. S.A.*, 2020 WL 6580776, at *4 (D.N.J. 2020) (15 months); *Cheney*, 213 F.R.D. at 502–04 (11 months); *In re Thornburg Mortg., Inc. Sec. Litig.*, 629 F. Supp. 2d 1233, 1240 (D.N.M. 2009) (7 months). Moreover, a new notice restarts the 60-day clock for lead-plaintiff motions, *see Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2005 WL 1322721, *1–3 (S.D.N.Y. 2005), which would be inefficient and unwarranted for a mere five-month expansion.

The only case cited by OSTRS undermines its argument. In *Hachem v. General Electric Inc.*, new notice was required because the later complaint both expanded the class period by 56 months and added completely new substantive claims. 2018 WL 1779345, at *2 (S.D.N.Y. 2018). SBA's complaint did neither.

## III.    SBA'S COUNSEL HAVE NO CONFLICT OF INTEREST

OSTRS incorrectly claims that SBA's counsel are conflicted because they also represent individual investors in *Craig v. Target Corp.*, No. 2:23-cv-599 (M.D. Fla.). *See* ECF No. 60 at 10–12. Class counsel, of course, "cannot represent different plaintiffs with *conflicting claims* against the same defendants." *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (emphasis added); *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 557 (S.D. Ohio 2005). In general, however, "class counsel may represent multiple sets of litigants—whether in the same action or in a related proceeding—so long as the litigants' interests are not inherently opposed." 1 Newberg & Rubenstein, *supra*, § 3:75; *see, e.g.*, *Anderson v. Bank of the South, N.A.*, 118 F.R.D. 136, 149 (M.D. Fla. 1987). OSTRS must point to an "actual conflict," and none exists

3

when "the individual actions and the purported class action appear to pursue the same goal." *Ruderman ex rel. Schwartz v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 685 (S.D. Fla. 2010); *Wallace v. Powell*, 2013 WL 2042369, at *9 (M.D. Pa. 2013) (same).

The *Craig* claims are entirely aligned with those of the class. Because the claims in *Craig*, *Riviera Beach*, and *SBA* are virtually identical, the plaintiffs in *Craig* and *SBA* sought to consolidate all three. *See* ECF No. 56 at 4; Status Conference, *Craig*, No. 2:23-cv-599, ECF No. 120. Indeed, the plaintiffs in *Craig* originally sought to amend their complaint to seek the exact class action relief at issue here, *see* Pls.' Mot. to Lift the Stay at 2, 4, *Craig*, No. 2:23-cv-599, ECF No. 113, but then nine days later SBA filed its own class complaint, so the *Craig* plaintiffs no longer needed to take any further action to "pursue the same goal" as the class, *Ruderman*, 263 F.R.D. at 685; *Wallace*, 2013 WL 2042369, at *9.[2] Confirming the alignment, Brian Craig signed an affidavit identifying himself as a "named plaintiff and member of the putative class in this action" and conveying that he wants class counsel that "seeks to hold Target accountable." ECF No. 59-2 at 1, 3.

All OSTRS offers in response is speculation. OSTRS theorizes that "the *Craig* plaintiffs *may* wish to make certain arguments and take certain positions that are

---

[2] OSTRS criticizes an attempt at settlement discussions in *Craig*. ECF No. 60 at 12 n.4. That is misguided. The episode reflected a "mutual misunderstanding" between the parties. Pls.' Mot. to Lift the Stay at 2, *Craig*, No. 2:23-cv-599, ECF No. 113. Counsel for *Craig* plaintiffs had conveyed the possibility of adding class-action claims, "flagged the same questions about the pleadings and Reform Act" lead-plaintiff process, and "advised those would need to be thought and worked through." Pls.' Mot. to Lift the Stay, Ex. B, at 2, *Craig*, No. 2:23-cv-599, ECF No. 113-2. After all, "settlement discussions are in the public interest and should be encouraged." *SEC v. ACI Invs. Protective Ass'n*, 99 F.3d 1146 (9th Cir. 1996) (table).

materially different from the claims SBA *may* wish to make on behalf of the class." ECF No. 60 at 11 (emphases added). But "only client conflicts that are material and presently manifest—rather than merely trivial, speculative, or contingent on the occurrence of a future event—will affect the adequacy of class counsel." 1 Newberg & Rubenstein, *supra*, § 3:75; *see, e.g.*, *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 524 (4th Cir. 2022); *In re Suboxone (Buprenorphine Hydrochlorine & Naloxone) Antitrust Litig.*, 967 F.3d 264, 273 (3d Cir. 2020).

Indeed, OSTRS protests too much. It is OSTRS and G&E that have significant conflicts of interest with the class. *See* ECF No. 59 at 4–12. Ohio's Attorney General publicly explained that OSTRS resisted joining this lawsuit because of its ideological disagreement with the claims. He is the chief legal adviser for OSTRS, *see* Ohio Rev. Code § 3307.13, and this blunt assessment of his client is more reliable than any post-hoc rationalization, *cf.* Fed. R. Evid. 401, 801(d)(2), 803(1), (2). Even if OSTRS suddenly offers a "contrived" "explanation" for dragging its feet, this Court need not "exhibit a naiveté from which ordinary citizens are free." *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019).

OSTRS also cannot dispute that it has unabashedly supported ESG/DEI, including apparently the underlying conduct at issue in this case. *See* ECF No. 59 at 4–6. Not only did OSTRS try to avoid this litigation and retain counsel that openly advocate for a pro-ESG agenda, but OSTRS's proxy voting record reflects sympathy—if not outright support—for what Target did. Amid the customer backlash and media storm surrounding the 2023 Pride Campaign, OSTRS voted *for* Target's executive

5

compensation plans, which included "substantial incentive payments to executives for meeting ambiguous and subjective 'DEI progress' mandates." Compl. ¶¶ 22–23, 377–95, *SBA v. Target Corp.*, No. 2:25-cv-135 (M.D. Fla.), ECF No. 1.[3] In contrast, SBA voted *against* Target's executive compensation proposal in 2023, noting "[p]oor alignment between pay and performance."[4] At the most decisive point for investor input on the 2023 Pride Campaign debacle, SBA recognized that these incentives can harm shareholders and tried to impose discipline on Target. OSTRS did not.

Confirming the point, an analysis of 2023 proxy votes found that OSTRS voted for "DEI" and "Non-Pecuniary Corporate Purpose" proposals approximately *three times more often* than SBA.[5] It also found that OSTRS voted "Pro-ESG" more than SBA and faulted OSTRS for not publishing voting records, thereby "keeping its pensioners in the dark about how the state votes on ESG issues."[6]

Moreover, OSTRS cannot adequately represent thousands of shareholders right now. As one reporter recently summarized, OSTRS is plagued by "constant fighting, two board resignations, and allegations of both a public corruption scheme and the mishandling of funds. There has been a senior staff dismissal and at least two senior staff resignations."[7] Litigation continues over OSTRS's alleged collusion with an

---

[3] Excerpt of OSTRS Proxy Voting Records 2023, Ex. C (obtained under Ohio's Sunshine Law).

[4] *Drilldown of Votes on Selected Issuer*, SBA, https://tinyurl.com/4bbbav8w (visited Apr. 25, 2025) (select "Target Corp." as issuer, then select "6/14/2023" as date of meeting, then select "Advisory Vote on Executive Compensation").

[5] *Compare Ohio*, 1792 Exchange, https://perma.cc/WL3B-TS8E ("State Voting" table), *with Florida*, 1792 Exchange, https://perma.cc/T9X5-QZ55 ("State Voting" table).

[6] *Ohio*, 1792 Exchange, *supra* note 5.

[7] Morgan Trau, *Ohio Teachers' Pension Board Votes to Reduce Years Needed to Retire, Gives Bump in Monthly Payments*, News 5 Cleveland (Apr. 21, 2025), https://perma.cc/YAZ7-JXFQ.

investment startup, which Governor DeWine described as a "concerning set of facts" that is "very upsetting."[8] *See also In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999) (presumptive lead plaintiff inadequate because of unrelated fraud investigation); *In re Surebeam Corp. Sec. Litig.,* 2004 WL 5159061, at *7 (S.D. Cal. 2004) (similar) (collecting cases). Whatever comes of all this, now is not the time for OSTRS to usurp a massive class action case as class representative. *In re Surebeam Corp.,* 2004 WL 5159061, at *7.

## CONCLUSION

SBA respectfully requests that the Court appoint SBA as lead plaintiff and approve its counsel. Alternatively, SBA requests that the Court reject OSTRS's selection of G&E as class counsel and appoint SBA's counsel as interim counsel.

---

[8] Morgan Trau, *Ohio Gov. Mike DeWine Stunned by Teachers' Pension Fund Behavior with Firm Accused of Corruption*, Ohio Cap. J. (Apr. 15, 2025), https://tinyurl.com/6hwz3r4u; *see also* Laura Bischoff, *"Shocking": Dave Yost Details Secret Texts and Private Emails Exchanged at STRS Ohio*, Columbus Dispatch (Mar. 21, 2025), https://tinyurl.com/bdhs3bcw; Marty Schladen, *Gov. Signals Looming Scandal at Teachers' Pension Fund*, Ohio Cap. J. (May 9, 2024), https://tinyurl.com/bp5rkek3.

Dated: August 7, 2025                    Respectfully submitted,

| | |
|---|---|
| | /s/ R. Trent McCotter |
| JAMES UTHMEIER (FBN: 113156) | R. TRENT MCCOTTER (*pro hac vice*) |
| Attorney General |   *LEAD COUNSEL* |
| State of Florida | Boyden Gray PLLC |
| Office of the Attorney General | 800 Connecticut Avenue NW |
| The Capitol, Pl-01 | Suite 900 |
| Tallahassee, Florida 32399-1050 | Washington, DC 20006 |
| (850) 414-330 | (202) 706-5488 |
| | tmccotter@boydengray.com |
| | |
| | ANDREW J. BLOCK (*pro hac vice*) |
| JASON B. GONZALEZ (FBN: 146854) | America First Legal Foundation |
| PAUL C. HUCK, JR. (FBN: 968358) | 611 Pennsylvania Avenue S.E. |
| SAMUEL J. SALARIO, JR. (FBN: 083460) | No. 231 |
| Lawson Huck Gonzalez, PLLC | Washington, D.C. 20003 |
| 215 S. Monroe Street, Suite 320 | (202) 964-3721 |
| Tallahassee, FL 32301 | andrew.block@aflegal.org |
| (850) 825-4334 | |
| jason@lawsonhuckgonzalez.com | |
| *Counsel for Movant* | |

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide service to all parties who have registered with CM/ECF and filed an appearance in this action.

/s/ R. Trent McCotter
R. Trent McCotter (*pro hac vice*)
Boyden Gray PLLC
800 Connecticut Avenue NW
Suite 900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com