**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| *In re Target Corp. Securities Class Action Litigation* | Case No. 2:25-cv-00135-JLB-KCD |
| *In re Target Corp. Shareholder Derivative Litigation* | Case No. 2:25-cv-00021-JLB-KCD |

**DEFENDANTS' PARTIALLY UNOPPOSED MOTION**
**FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT**
**OF THEIR OMNIBUS MOTION TO TRANSFER**

Pursuant to Local Rule 3.01(d), Defendants respectfully move this Court for leave to file a reply in support of their omnibus Motion to Transfer. Last Friday, the putative lead plaintiffs in the securities class action and lead plaintiffs in the derivative action filed three opposition briefs, totaling 47 pages.[1] Those briefs misstate the procedural history, facts, and law. Thus, Defendants seek leave to file an omnibus reply of up to 10 pages (5 pages per action), including to address the following:

- Plaintiffs argue that the Exchange Act's expansive venue provision requires special deference to their chosen forum. OSTRS Opp.4-6; SBA Opp.4,6; Deriv. Opp.10-12. But "the clear weight of authority is that nothing in [the Exchange Act] 'alter[s] the standard employed in deciding whether transfer is appropriate.'" *Ravenwoods v. Bishop*, 2005 WL 236440, at *8 (S.D.N.Y. Feb. 1, 2005). As the Supreme Court has held, "Congress intended to effectuate changes in the law…to expand the transferability of cases" when it enacted the transfer statue, including those involving statutes with expansive venue provisions. *United States v. Nat'l City Lines*, 337 U.S. 78, 81-82 (1949). Expansive venue provisions merely "define[] the proper forum" and "demonstrat[e] the need for §1404(a)" (transfer), which is "distinct" from whether "an action properly [is] brought," *Collet*, 337 U.S. 55, 60, 69 (1949). Thus, appellate courts have repeatedly directed district courts on mandamus to transfer actions arising under statutes with expansive venue provisions.[2]

---

[1] *Target Corp. Sec. Class Action Litig.*, 2:25-cv-00135, Sec. Dkt.64 ("OSTRS Opp."), Sec. Dkt.65 ("SBA Opp."); *Target Corp. S'holder Deriv. Litig.*, 2:25-cv-00021, Deriv. Dkt.56 ("Deriv. Opp.").
[2] *In re 3M Co.*, 2020 WL 13924735 (3d Cir. Nov. 18, 2020); *In re Volkswagen*, 28 F.4th 1203 (Fed. Cir. 2022); *In re TracFone Wireless*, 852 F. App'x 537 (Fed. Cir. 2021); *In re Samsung Elecs.*, 2 F.4th 1371

1

- SBA says that "courts routinely deny transfer" of securities class actions. SBA Opp.6. SBA cites a single case keeping an action in New York, *Manchin v. PACS Grp.*, 2025 WL 1276569 (S.D.N.Y. May 1, 2025). But that case involved six New York banks as co-defendants with claims focused on New York underwriting, and the defendant had agreed to a New York forum clause governing the underwriting. *Id.* at *1, 12. Here, Plaintiffs don't dispute that the key acts—risk oversight—occurred in Minnesota, Sec. Dkt.50 at 20, so *Manchin **supports transfer**. See In re 3M Co.*, 2020 WL 13924735, at *2-3 (3d Cir. Nov. 18, 2020) (transferring on mandamus where 30 of 31 "alleged false statements were issued from 3M's headquarters").

- SBA characterizes the transfer motion as one for reconsideration. SBA Opp.4-6; OSTRS Opp.2-3. But Target has not previously moved to transfer the securities class action or the derivative action; it moved to transfer an individual action. Plaintiffs ignore that the different procedural posture (which Plaintiffs brought about) materially tilts the analysis in favor of transfer. And key Minnesota-based witnesses have left Target, favoring reconsideration even if that standard applied.

- The Derivative Plaintiffs' attempt to resist transfer by stating incorrectly that Minnesota applies Delaware's substantial likelihood of liability test. Deriv. Opp.14. They cite one case where the parties agreed to that incorrect standard, but the court nevertheless noted that "it is arguable that demand is never futile in Minnesota," unlike in Delaware, *Kococinski v. Collins*, 935 F. Supp. 2d 909, 917 & n.13 (D. Minn.

(Fed. Cir. 2021); *In re Apple*, 979 F.3d 1332 (Fed. Cir. 2020); *In re TS Tech USA*, 551 F.3d 1315, 1318 (Fed. Cir. 2008).

2013). Besides, disputes as to Minnesota law only highlight the need for transfer.[3]

- SBA claims that Defendants' motion is "untimely," referring to a "deadline" to respond to the SBA complaint. SBA Opp.1-2. But SBA's counsel is well aware that the deadlines were extended until after a lead plaintiff is appointed and a complaint was amended/designated, which has not yet occurred. *See Riviera*, Dkt.39 (Ex.A).[4]

- SBA claims that "Defendants are speaking out of both sides of their mouth to different courts," SBA Opp.8. But Defendants have been consistent: all cases about Target's risk and oversight belong in Minnesota, where Target is based, the statements were issued, and the risk was overseen. In addition, the derivative actions should be dismissed, or alternatively stayed pending resolution of the securities actions. *See Ranacis v. Cornell*, 25-cv-02743, ECF No. 33 (D. Minn.).

- The Derivative Plaintiffs' invocation of the "first-filed rule." Deriv. Opp.3 (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). That rule relates to "objecti[ons] to jurisdiction in the first-filed forum," not transfer motions. *Id.*

Given Plaintiffs' mischaracterizations, Defendants submit that a reply is necessary to correct the record and clarify the issues, and respectfully seek leave to file an omnibus reply brief of no more than 10 pages within 14 days of the Court's order.

---

[3] Indeed, the Derivative Plaintiffs (none of whom live in Florida) seek to litigate here, given the state government's "interest in opposing DEI," Deriv. Opp. 19-20. But Minnesota (unlike Florida) has a constituency statute that expressly permits its fiduciaries to weigh "societal considerations" like DEI, Minn. Stat. §302A.251(5). Their attempts to ignore this shows they can't "fairly and adequately represent" Target as its fiduciaries, *see* Fed. R. Civ. P. 23.1.

[4] Defendants Motion to Transfer was timely filed just 2 days after the derivative amended complaint, Deriv. Dkt.49, 7 days after the Court consolidated the securities actions, Sec. Dkt. 44, and before any discovery or responsive pleadings in either consolidated case.

3

## <u>LOCAL RULE 3.01(G) CERTIFICATION</u>

On August 18, 2025, Defense counsel conferred telephonically and by email with counsel for Plaintiffs to discuss this motion. OSTRS took no position on the motion; SBA and the Derivative Plaintiffs oppose the motion.

4

Dated: August 18, 2025

Traci T. McKee
FAEGRE DRINKER BIDDLE &
REATH LLP
1500 Jackson Street, Suite 201
Fort Myers, Florida 3390
Telephone: (239) 286-6910
traci.mckee@faegredrinker.com

Jeffrey P. Justman (*pro hac vice*)
FAEGRE DRINKER BIDDLE &
REATH LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
jeff.justman@faegredrinker.com

Sandra Grannum (*pro hac vice*)
FAEGRE DRINKER BIDDLE &
REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
sandra.grannum@faegredrinker.com

Respectfully submitted,

/s/ *Sandra Goldstein*
Sandra C. Goldstein, P.C. (*pro hac vice*)
*Lead Counsel*
Alexander Rodney (*pro hac vice*)
Jacob M. Rae (*pro hac vice*)
Ashley P. Grolig (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
sandra.goldstein@kirkland.com
alexander.rodney@kirkland.com
jacob.rae@kirkland.com
ashley.grolig@kirkland.com

*Counsel for Defendants*