# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| ANDREW RANACIS, Derivatively on Behalf of TARGET CORPORATION, | |
| *Plaintiff*, | |
| v. | Case No. 0:25-cv-02743-NEB-SGE |
| BRIAN C. CORNELL, DAVID P. ABNEY, DOUGLAS M. BAKER, JR., GEORGE S. BARRETT, GAIL K. BOUDREAUX, ROBERT L. EDWARDS, DONALD R. KNAUSS, CHRISTINE A. LEAHY, MONICA C. LOZANO, GRACE PUMA, DERICA W. RICE, DIMITRI L. STOCKTON, MELANIE L. HEALEY, and MARY E. MINNICK, | |
| *Individual Defendants*, -and- | |
| TARGET CORPORATION, | |
| *Nominal Defendant.* | |

## DECLARATION OF ALEXANDER J. RODNEY IN SUPPORT OF TARGET AND DEFENDANTS' OPPOSITION TO PLAINTIFF'S <u>MOTION FOR VOLUNTARY DISMISSAL</u>

I, Alexander J. Rodney, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner with the law firm of Kirkland & Ellis LLP. My firm represents Defendants Brian C. Cornell, David P. Abney, Douglas M. Baker, Jr., George S. Barrett, Gail K. Boudreaux, Robert L. Edwards, Donald R. Knauss, Christine A. Leahy, Monica C. Lozano, Grace Puma, Derica W. Rice, Dmitri L. Stockton, Melanie L.

Healey, and Mary E. Minnick (collectively, "Defendants") and Nominal Defendant Target Corporation ("Target") in the above-captioned action. I am a member in good standing of the Bar of the State of New York. This Court granted my application to appear *pro hac vice* in this action on July 18, 2025. ECF No. 40.

2.     I have personal knowledge of the facts set forth herein, and I am competent to testify to the matters set forth below. I submit this declaration in support of Target and Defendants' Opposition to Plaintiff's Motion for Voluntary Dismissal.

### After Plaintiff Filed His Complaint, Target and Defendants Moved to Dismiss

3.     Plaintiff filed his complaint on July 1, 2025, asserting derivative claims on behalf of Target (the "Complaint"). ECF No. 1. Sixteen days later—on July 17, 2025— Target and Defendants moved to dismiss or, in the alternative, to stay this action pending the resolution of a factually related securities class action pending in the Middle District of Florida ("Defendants' Motion"). ECF No. 33. The Florida securities class action is currently subject to a pending motion to transfer to this District. Ex. A, *In re Target Corp. Sec. Class Action Litig.*, No. 2:25-cv-00135-JLB-KCD (M.D. Fla.), ECF No. 50. The following day, on July 18, 2025, the Court scheduled a hearing on Defendants' Motion for October 8, 2025. ECF No. 44.

4.     During this time, I conferred with Plaintiff's counsel several times regarding Defendants' Motion. Plaintiff's counsel asked Target and Defendants to enter a stipulated briefing schedule so that Plaintiff could have additional time to respond to Defendants' Motion. The parties agreed to a briefing schedule on July 22, 2025, *id.*,

which was submitted to this Court on July 24, 2025, ECF No. 46, and which the Court granted the next day, ECF No. 48.

### Derivative Plaintiffs Asserting Substantially Similar Claims in Florida Stated Their Intention to Intervene in this Action

5.      On July 16, 2025, the District Court for the Middle District of Florida consolidated three other derivative actions filed in that court based on substantially similar claims (the "Florida Derivative Action"). *In re Target Corp. S'holder Deriv. Litig.*, 2:25-cv-00021-JLB-KCD, ECF No. 48.  The plaintiffs for the Florida Derivative Action (the "Florida Derivative Plaintiffs") filed their operative consolidated complaint on July 30, 2025 (the "Florida Derivative Complaint").  *Id.*, ECF No. 49.  The Florida Derivative Action is also currently subject to a pending motion to transfer to this District and is stayed pending the outcome of that motion.  *In re Target Corp. S'holder Deriv. Litig.*, No. 2:25-cv-00021-JLB-KCD (M.D. Fla.), ECF Nos. 51, 67.

6.      On July 24, 2025—after Defendants' Motion was filed in this action, and before the Florida Derivative Plaintiffs filed the Florida Derivative Complaint—counsel for the Florida Derivative Plaintiffs informed me that they intended to intervene in this action in order to stay this case in favor of the Florida Derivative Action. Ex. B.  They followed up the following week via e-mail stating that, upon reflection, their intervention would most likely request: "(1) dismissal of the MN [Minnesota] action without prejudice; (2) transfer of the MN action to MD Fla., or (3) a stay of the MN action in favor of our derivative action in MD Fla." *Id.*

3

**Plaintiff Agreed to Voluntarily Dismiss**
**This Action with Prejudice as to the Issue of Demand Futility**

7. On August 5, 2025, two weeks after the parties agreed to a stipulated schedule for Defendants' Motion, Plaintiff's counsel called me with an update. Plaintiff's counsel stated that, after reading Defendants' Motion, Plaintiff agreed with the position set forth in Defendants' Motion on demand futility under Minnesota law and thus sought to voluntarily dismiss this Action to make a litigation demand on Target's Board. Plaintiff then asked for Target's and Defendants' position on his contemplated motion. I informed Plaintiff's counsel that I would get back to Plaintiff after discussing with my clients.

8. On August 8, 2025, I informed Plaintiff's counsel that, given Plaintiff's apparent concession that no viable theory of demand futility exists here under Minnesota law, Target and Defendants would be willing to consent to voluntary dismissal of this Action *without prejudice* as to the merits of the claims, and *with prejudice* as to the issue of demand futility. Ex. C.

9. On August 12, 2025, Plaintiff agreed to this approach and sent a proposed motion and order to that effect (collectively, the "Plaintiff's Original Dismissal Papers"). *Id.*

10. The following day, on August 13, 2025, I sent Plaintiff's counsel Target and Defendants' proposed revisions to Plaintiff's Original Dismissal Papers and told them that, assuming Plaintiff agreed with the edits, Target and Defendants were signed off. Ex. D.

**Plaintiff Backed Out of The Agreement and
Filed a Motion for Voluntary Dismissal Without Prejudice**

11.    On August 18, 2025, Plaintiff's counsel called me to inform me that Plaintiff no longer wanted to voluntarily dismiss this Action *with prejudice* as to the issue of demand futility.  Ex. E.  Plaintiff's counsel also stated that the Florida Derivative Plaintiffs had made threats against Plaintiff's counsel if Plaintiff did not voluntarily dismiss his action without prejudice.

12.    On August 19, 2025, Plaintiff filed the Motion for Voluntary Dismissal *without prejudice* as to all issues.  ECF No. 49.

**The Florida Derivative Plaintiffs Mischaracterized Plaintiff's
Motion to Voluntarily Dismiss this Action to the Florida Court**

13.    On August 19, 2025, the Florida Derivative Plaintiffs filed a notice in the Florida Derivative Action in the Middle District of Florida purporting to update the Florida court about Plaintiff's Motion for Voluntary Dismissal without prejudice in this action.  The Florida Derivative Plaintiffs misrepresented Plaintiff's filing as a "Notice and [Proposed] Order for Voluntary Dismissal," *see* Ex. F, *In re Target Corp. S'holder Deriv. Litig.*, No. 2:25-cv-00021-JLB-KCD (M.D. Fla.), ECF No. 60; in fact, it was a contested Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2), ECF No. 49, which requires the Court's approval.

**Exhibits**

14.    Attached hereto are true and correct copies of the following exhibits cited in Target and Defendants' Opposition to Plaintiff's Motion for Voluntary Dismissal and in this Declaration:

5

| Exhibit | Document |
|---------|----------|
| A | Defendants' Omnibus Motion to Transfer, *In re Target Corp. Sec. Class Action Litig.*, No. 2:25-cv-00135-JLB-KCD (M.D. Fla.), ECF No. 50. |
| B | Correspondence between D. Tepper, V. Licata, and A. Rodney between July 18, 2025 - July 31, 2025. |
| C | Correspondence between M. Fortunato, A. Rodney, and others between August 8, 2025 - August 12, 2025, attaching Plaintiff's Proposed Voluntary Dismissal Motion and Order. |
| D | Correspondence between A. Rodney, M. Fortunato, and others between August 8, 2025 - August 13, 2025, attaching Target's and Defendants' Proposed Revisions to Plaintiff's Proposed Voluntary Dismissal Motion and Order. |
| E | Correspondence between A. Rodney, M. Fortunato, and others between August 8, 2025 - August 19, 2025. |
| F | Notice of Filing in Related Action, *In re Target Corp. S'holder Deriv. Litig.*, o. 2:25-cv-00021-JLB-KCD (M.D. Fla.), ECF 60. |
| G | Target Corp., Form 8-K (June 14, 2024), https://www.sec.gov/ix?doc=/Archives/edgar/data/0000027419/000002741924000135/tgt-20240612.htm. |
| H | Target Corp., Form 8-K (June 13, 2025), https://www.sec.gov/ix?doc=/Archives/edgar/data/0000027419/000002741925000110/tgt-20250611.htm. |

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed: September 2, 2025
New York, New York

/s/ Alexander J. Rodney

Alexander J. Rodney (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
alexander.rodney@kirkland.com

*Counsel for Target Corporation and
Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided electronic service upon all counsel of record.

/s/ Alexander J. Rodney
Alexander J. Rodney (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
alexander.rodney@kirkland.com

8